COURT EXHIBIT

CASE
NO. 21-CR-20589

EXHIBIT
NO. B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CR-20589-MIDDLEBROOKS

UNITED STATES OF AMERICA,

v.

JUAN CARLOS GONZALEZ,

Defendant.

_____/

## FACTUAL PROFFER

Had the United States proceeded to trial, the Government would have proven beyond a reasonable doubt that from on or about January 28, 2019, and continuing through on or about December 7, 2021, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant, JUAN CARLOS GONZALEZ and others did knowingly combine, conspire, confederate, and agree with each other, to willfully export, transfer, and deal in, and cause the exportation, transfer, and dealing in, of goods from the United States to PdVSA, in violation of the prohibitions imposed upon PdVSA by the United States government, without having first obtained the required licenses or authorizations from OFAC, in violation of Title 50, United States Code, Section 1705(a), and Title 31, Code of Federal Regulations, Part 591.201.

On January 28, 2019, the Department of Treasury's Office of Foreign Assets Control ("OFAC") designated Petroleos de Venezuela, S.A. ("PdVSA") pursuant to Executive Order 13850 for operating in the oil sector of the Venezuelan economy. Pursuant to Executive Order 13692 and its progeny, including Executive Order 13850, OFAC administers and enforces the Venezuela Sanctions Regulations, 31 C.F.R. part

1

591. Executive Orders 13693, 13850 and 31 C.F.R. 591.201 generally prohibited, without a license, the making of any contribution or provision of funds, goods, or services by, to, or for the benefit of any person whose property and interests in property are blocked. Accordingly, starting on January 28, 2019, a license from OFAC was required to conduct transactions with, or export goods to PdVSA.

In the instant case, it was a purpose and object of the conspiracy for the defendant and co-conspirators to: (a) acquire aircraft parts from the United States in order to supply them to PdVSA in Venezuela; (b) conceal from United States companies, and the United States government that the goods were destined for PdVSA; (c) engage in financial transactions to facilitate the exports; and (d) evade the prohibitions and licensing requirements of IEEPA, Executive Order 13692, Executive Order 13850, and the Venezuela Sanctions Regulations.

In order to accomplish the objects and purpose of the conspiracy, the defendant and co-conspirators used email to communicate with one another, purchased goods and services from companies in the United States that were sent or intended to be sent to PdVSA in Venezuela, concealed from United States companies and the United States government that PdVSA was the true ultimate end user of the goods and services, by providing false and misleading information about the ultimate end users, and caused goods and services to be exported from the United States to PdVSA in Venezuela, without obtaining a license from OFAC.

Specifically, Defendant JUAN CARLOS GONZALEZ was the owner of Aerofalcon S.L., a Spanish company. In or about September 2019, Aerofalcon entered into a commercial agreement with PdVSA involving the replacement of two PdVSA Honeywell Turbofan Engines (S/N: 112777 & 112778) (the "Broken Engines") for two

new Honeywell Turbofan Engines (the "Working Engines"). Pursuant to that agreement, Aerofalcon arranged for replacement engines to be acquired through commercial aviation suppliers and ultimately delivered to Venezuela.

In or around November 2019, Aerofalcon S.L. entered into an agreement with DAO Aviation in Copenhagen, Denmark, to exchange the Broken Engines for new Dassault Falcon aircraft engines (the "Working Engines"). Thereafter, on or about November 23, 2019, DAO Aviation entered into an Exchange Agreement with a U.S. Company headquartered in Charlotte, North Carolina ("U.S. Company 5"), to exchange the Broken Engines for the new Working Engines (S/N: 112489 & 112242).

As part of this transaction, on or about December 26, 2019, JUAN CARLOS GONZALEZ signed a certification stating that he would not divert any U.S. Company 5 products to any entity owned or controlled by the Government of Venezuela, specifically PdVSA.  On or about December 27, 2019, JUAN CARLOS GONZALEZ also signed a U.S. Company 5 Customer End Use and End User Statement of Certification as CEO of Aerofalcon falsely indicating that Aerofalcon S.L. was the ultimate end-user of the Working Engines.

Thereafter, on or about January 6, 2020, U.S. Company 5 exported the Working Engines to Aerofalcon in Madrid, Spain, declaring the country of ultimate destination was Spain.  From there, on or about January 8, 2020, Aerofalcon S.L. exported one of the Working Engines (S/N: 112242) to Caracas, Venezuela.  On or about January 15, 2020, Aerofalcon S.L. exported the second Working Engine (S/N: 112489) to Caracas, Venezuela.

The defendant admits that his conduct constituted a conspiracy to export goods for the benefit of PdVSA without the licenses or authorizations required under United States sanctions regulations.

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

Date: 0/9/26                    By: _____
                                    MARC S. ANTON
                                    ASSISTANT U.S. ATTORNEY

Date: 6/9/26                    By: _____
                                    SILVIA PIÑERA-VAZQUEZ, ESQ.
                                    ATTORNEY FOR DEFENDANT

Date: 6/9/26                    By: _____
                                    JUAN CARLOS GONZALEZ
                                    DEFENDANT

4